```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**SOLOMON OMEGA SMITH,**

                **Plaintiff,**

      v.                                      **CASE NO. 16-3019-SAC-DJW**

**MICHAEL F. KAGAY, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights complaint filed under 42 U.S.C. § 1983. On July 19, 2016, U.S. Magistrate Judge Waxse directed plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. Plaintiff filed a timely response.

**Background**

Plaintiff sustained injuries in an April 2014 accident. In July 2014, he was arrested on an outstanding warrant. The state district judge denied plaintiff an O.R. bond, and he was held in the Shawnee County Jail until April 2015. Plaintiff states that as a result of that detention, he was unable to obtain adequate treatment for a traumatic brain injury he suffered in the April 2014 accident.

The defendants are the state district judge, two assistant district attorneys, Shawnee County, Kansas, and the State of Kansas. Judge Waxse's order first explained that the district judge was immune from suit, as the decision to deny plaintiff an O.R. bond was within the authority of the judge.

Likewise, Judge Waxse found that the plaintiff's claims against the assistant district attorneys were barred by prosecutorial

immunity, as their arguments concerning bond were within their roles as advocates for the State.

Finally, Judge Waxse found that plaintiff had identified no ground for liability against Shawnee County or the State of Kansas arising from the decision to deny plaintiff an O.R. bond.

**Discussion**

The Court has carefully reviewed plaintiff's response (Doc. #8) and supplement (Doc. #9). In conducting this review, the Court is mindful that plaintiff's pro se pleadings must be given a liberal construction. *See Hall v. Ballmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this liberal construction does not relieve the plaintiff of the burden of alleging sufficient facts to state a legally cognizable claim, and the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009)(citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

A prosecutor acting within the scope of his duties as a prosecutor has absolute immunity from suit under Section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 424, 431 (1976). Whether a prosecutor is entitled to this immunity depends on the nature of the function performed by the prosecutor at the time of the alleged misconduct. *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). Here, the action of refiling charges falls within the role of initiating a prosecution, and the defendant prosecutors are entitled to absolute prosecutorial immunity.

Likewise, a judge is entitled to absolute judicial immunity for acts that were judicial in nature and were not taken in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The bond decision at issue in this matter is clearly judicial in nature, and the defendant judge is entitled to absolute judicial immunity.

The Court concludes that plaintiff's claims challenge the decision of the state prosecutors to refile charges against him and the action of the state district judge in denying him bond. *See* Doc. #8 at p. 1 ("…the court system knew I needed treatment…and they said because of my past criminal history I would not be given bond….") and p. 2 ("I feel the DA's office knew that I was in a[n] accident and overlooked it and still filed those charges anyways.") In the supplement, plaintiff states "I was arrested …and made to sit in Shawnee County Jail non-bondable the [w]hole time and was not al[lowed[ to get the rehabilitation I needed." (Doc. #9, at p. 2). He also states "I needed to be released from jail so that I could go[.] I was not released or even given a cash bond the [w]hole time I was in Jail so that I could get treatment." *Id*. at pp. 1-2.

The Court agrees these claims are barred by prosecutorial and judicial immunities and finds that plaintiff has not presented any facts that state a claim for relief against Shawnee County, Kansas or the State of Kansas. Accordingly, this action must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED: This 2nd day of May, 2017, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge